In the Matter of the Claim of PASQUALE SCIACHITANO, against SPENCER FORBES, INC., et al., Appellants, Impleaded with Others.

STATE INDUSTRIAL BOARD, Respondent.

(Argued April 17, 1934; decided May 22, 1934.)

*William B. Davis* and *E. C. Sherwood* for appellants. The statute does not authorize the Industrial Board to make an award against the general contractor and its insurance carrier under the circumstances of this case. (Cons. Laws, ch. 67, §§ 52, 54, subd. 7.)

*John J. Bennett, Jr., Attorney-General* (*John R. O'Hanlon* and *Henry Epstein* of counsel), for respondent. The award made against the general contractor and its insurance carrier was proper. (Cons. Laws, ch. 67, §§ 50 and 56; *Casey* v. *Shane*, 221 App. Div. 660; *Clark* v. *Monarch Engineering Co.*, 129 Misc. Rep. 145; *Lawrence* v. *Fox*, 20 N. Y. 268.)

CRANE, J. The claimant, a masonry laborer, received serious injuries on March 27, 1931, while engaged in his regular occupation on the construction of a public school building in the county of Queens, New York.

Some time prior to October, 1930, Spencer Forbes, Inc., entered into a general contract with the Board of Education of the City of New York for the construction of a building for Public School No. 123, at One Hundred and Nineteenth avenue and One Hundred and Forty-fifth street, Jamaica, Queens county, New York, for the sum of $140,000. Spencer Forbes, Inc., entered into an agreement with one Joseph Chiarello, a masonry contractor, whereby Chiarello was to supply and supervise all of the craftsmen and laborers necessary for the masonry requirements of the contract. He hired a masonry foreman, John Titone, and all of the necessary masons and laborers, including the claimant. At the end of each week Chiarello would prepare a payroll for his men and submit it to

the general contractor's superintendent of construction, Albert Gardella, who would then pay over to Chiarello the moneys to meet this payroll, charging the total amount thereof against Chiarello's account.

The State Industrial Board found that the claimant, Pasquale Sciachitano, was a mason laborer employed by Joseph Chiarello. The Federal Surety Company, with the home office at Davenport, Iowa (a stock company), issued to Chiarello what is called a universal workmen's compensation policy, effective from November 12, 1930, to November 12, 1931. It covered masonry work conducted at or from the locations and premises defined, and operations not on the premises. The location defined in the declaration was the place of business of Joseph Chiarello, 317 Woodbine street, Brooklyn, N. Y., " and elsewhere in New York State." It is conceded that the policy was in full force and effect and covered this claimant's work and occupation on the day of the accident, March 27, 1931, although it expired on March 29th, two days thereafter, by reason of notice of cancellation given by the company.

Six months thereafter, and on September 11, 1931, the Federal Insurance Company went into the hands of a receiver, and the award in this case has been made, not against Chiarello and the Federal Insurance Company or its assets, but against the general contractor, Spencer Forbes, Inc., and its insurance carrier, The Travelers Insurance Company.

As we have said, the State Industrial Board has found that Chiarello, the subcontractor, was the employer of Pasquale Sciachitano, the claimant, and, as just stated, Chiarello on the day of the accident was insured and covered as to this claimant by a workmen's compensation policy issued by the Federal Surety Company. How then does it come about that the Industrial Board could have made an award against the general contractor and its insurance carrier? It has done so upon the theory that

it was the duty of Chiarello, the subcontractor, not only to secure compensation to his injured workman, but to go much further, and secure its continuance up to the point of payment. In other words, his duty under the statute was to secure his employees against the insolvency of the insurance carrier. We do not so read the statute. The finding on this specific point by the Board was: " Said Joseph Chiarello is the subcontractor primarily liable for the payment of compensation to the said Pasquale Sciachitano for the injuries sustained herein but the said Joseph Chiarello had not secured the payment of compensation for said employee by keeping insured the payment of such compensation in a manner prescribed by section 50 of the Workmen's Compensation Law. The award hereinafter set forth is, therefore, made pursuant to section 56 of the Workmen's Compensation Law against the general contractor and its insurance carrier."

Section 56, referred to, reads as follows: " A contractor, the subject of whose contract is, involves or includes a hazardous employment, who subcontracts all or any part of such contract shall be liable for and shall pay compensation to any employee injured whose injury arises out of and in the course of such hazardous employment, unless the subcontractor primarily liable therefor has secured compensation for such employee so injured as provided in this chapter."

Section 50 states how compensation shall be secured: " 2. By insuring and keeping insured the payment of such compensation with any stock corporation or mutual association authorized to transact the business of workmen's compensation insurance in this state."

With this law Chiarello, the subcontractor, had fully complied. The Federal Surety Company was a stock corporation authorized to transact the business of workmen's compensation insurance in this State. This authority to do business permitted Chiarello to take its policy to cover his workmen without further inquiry

regarding its financial responsibility; the Superintendent of Insurance looked after that under the regulations provided by statute (Workmen's Compensation Law [Cons. Laws, ch. 67], § 54, subd. 7). This insurance policy was in force and effect on the day of the accident, so that within the exact and precise wording, as well as the meaning of section 56, the contractor, Spencer Forbes, Inc., was not liable to pay compensation to Pasquale Schiachitano, as the subcontractor primarily liable had secured compensation for such injured employee.

The claimant was not without remedy. He had the same remedy, no more no less, that the employees of any employer have who has taken out a workmen's compensation policy. There is the claim against the employer which is only released by payment. There is also the claim against the assets of the insolvent insurance company, or the security deposited with the Superintendent of Insurance, pursuant to law. These are the remedies open to any injured workman whose employer has secured workmen's compensation. There is no reason in giving to the employees of a subcontractor an additional and greater right than is given to the employees of the general contractor. The purpose of section 56 is to secure a like remedy to all employees, which is, that compensation for injury may be secured as provided in section 50 of the Workmen's Compensation Law.

The award, therefore, against Spencer Forbes, Inc., and the Travelers Insurance Company is reversed.

There is evidence in this case touching the agreement between Spencer Forbes, Inc., and Chiarello as to which no findings have been made. The reasons assigned by the Board for making the award rendered it unnecessary to consider this evidence. We, however, shall send this case back for a new hearing and reconsideration instead of dismissing the claim, as it may be that the Board will now want to make some finding upon the claim put forward by the appellant, that Spencer Forbes, Inc., had agreed to

insure Sciachitano, and to charge the amount of the premiums to Chiarello.

Spencer Forbes, Inc., under its contract with the Board of Education could not sublet any part of the work without the consent of the Board. Its arrangement with Chiarello was oral and for the purpose of keeping the Board of Education in ignorance of Chiarello's employment. He testified as to his arrangement with Mr. Fuld, president of the Spencer Forbes, Inc., as follows: " I said inasmuch as the Board of Education don't want to know you are sub-letting this brickwork, we did not enter into a contract and as long as the union knows you are doing the job, I will supply the men but you are doing the masonry work, you supply the insurance, you cover the insurance. Q. You stated he will cover the insurance? A. Yes, he will cover the insurance. Compensation insurance and public liability. In other words, the men in reality were working for him, I said ' If it hits $21,000.00 I do not get anything, if it hits less than that, providing all bills are paid, labor, materials, and compensation, whatever is left below $21,000.00 is mine and what is over I will pay back.' That is what we call an ' upset price.' That was the agreement with Mr. Fuld."

The claimant is now entitled under our present ruling to have the Board consider this evidence and determine for him whether any such agreement was made by the general contractor and if so whether it enures to the benefit of the claimant so as to entitle him to an award. There is some evidence that Chiarello's insurance, taken out with the Federal Surety Company, was in reality to cover work he was doing at Westhampton Beach, Long Island, and that in view of the arrangement with the general contractor, he failed to pay a premium on the policy, which caused its cancellation. It was in force, however, on the day of the accident, because the cancellation notice did not take final effect until two days after the accident. The general contractor, however, did not

understand, neither did Chiarello, that this policy was to cover the work on the public school. If Chiarello's statement be true — and we are far from suggesting that it is — the Spencer Forbes, Inc., agreed to take out workmen's compensation insurance for all the masons just as if they were its employees, because it did not desire to have the Board of Education know that it was subletting the work. If the general contractor made such an agreement for such a purpose it may enure to the benefit of Sciachitano. Whether the Travelers Insurance Company would be liable is another matter, as its policy provided that it " shall not apply as respects any such contractor or such subcontractor if he has secured compensation for his employees as provided and required by such Workmen's Compensation Law." These matters are mere suggestions and stated here as a reason for sending this case back for a rehearing instead of a dismissal of the claim. The facts must first be determined by the Workmen's Compensation Board, and until then we do not undertake to say what the legal consequences should be.

The order of the Appellate Division should be reversed and the award of the State Industrial Board set aside and the matter remitted to the State Industrial Board for a rehearing in accordance with this opinion, with costs to the appellants against the State Industrial Board in the Appellate Division and in this court.

POUND, Ch. J., LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.